**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT STONE,

    Petitioner,

v.                                                               Case No. 12-10289

JOHN PRELESNIK,

    Respondent.

                                                        /

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO SUBMIT UNTIMELY OBJECTIONS AND APPLICATION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Challenging his convictions for armed robbery and related offenses, Robert Stone petitioned for a writ of *habeas corpus*. Adopting an unchallenged report and recommendation, the district court dismissed the petition. Stone moves to submit (and submits) untimely objections to the report and recommendation. He also applies to proceed *in forma pauperis* on appeal.

The report and recommendation issued on November 20, 2012. It stated that the parties had fourteen days—until December 4, 2012—to submit objections. *See Thomas v. Arn*, 474 U.S. 140 (1985). Stone claims he received the report on December 5. He offers no facts supporting this claim, and he proposes no reason for the delay. Regardless, assuming he received the report when he says he did, his motion fails because he did not act promptly to secure more time to submit his objections. The order dismissing the petition issued on December 19. Stone's motion then arrived on December 26, three weeks after Stone purportedly received the report. Receiving a

legal paper the day after the deadline for a response should provoke alarm and immediate action.  Had Stone acted immediately, before his petition was dismissed, he could have received more time to object.  Instead he remained absent for weeks.  His absence remains unexplained, and his unexplained absence dooms his motion.  Cf. *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (holding that a party who submitted objections late preserved his appeal because he "made every effort possible" to submit his objections promptly).

A party may proceed *in forma pauperis* on appeal only if he appeals in good faith. 28 U.S.C. § 1915(a)(3).  Stone contends that he suffered ineffective assistance of counsel and that the state court miscalculated his sentence.  To establish ineffective assistance, a petitioner must show both that his attorney's performance failed to meet the minimum professional standard and that the poor performance undermines his conviction.  *Strickland v. Washington*, 466 U.S. 668 (1984).  The magistrate judge's exposition establishes that Stone's counsel performed with ability.  (Dkt. # 10 at 9-15.) But besides that, Stone's claim sinks under the massive evidence of his guilt.  The State presented evidence to the following effect:

- In the early morning of April 5, 2008, a robbery occurred at a Red Robin diner.

- Witnesses said that two masked men, one fat, one thin, wearing dark clothes, had committed the robbery.  A patrolling officer quickly spotted two men, one fat, one thin, with dark clothes, near the scene.

- Several officers later identified Stone as one of the two men.

- The men were sweating profusely, and Stone was breathing heavily. When the patrolling officer asked him why he was breathless and literally steaming on a cold morning, Stone said in blunt terms that he had been engaging in sexual relations.

- The two men had taken a cell phone from one of their victims.  When the police called the cell phone, the second man's pocket began to ring.  The patrolling officer then tried to begin an arrest and the men fled.  They were soon captured.

- Two bags were found on the sidewalk nearby.  One of them contained the proceeds of the robbery and a weapon the men had used.  The other contained personal items, including a colostomy bag.  Stone uses a colostomy bag.

- Stone had worked at the Red Robin that was robbed.  He had been fired after a month.

- Shortly after his arrest, Stone told an officer that "people make bad choices in life" and "this seems to be one of them."

The ineffective assistance claim involves none of this evidence.  It involves additional evidence (the testimony of a witness at the scene), and it involves an unobjectionable statement by the prosecutor (that while working at the diner Stone might have seen detail useful for a robbery); but it does not involve the acute evidence of Stone's guilt.

As the magistrate judge explained, Stone may not raise in a petition for *habeas corpus* an ordinary challenge to the calculation of a state prison sentence.  "Federal *habeas corpus* relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  In any case, Stone attacks his sentence only wildly.  He argues, for instance, that he does not deserve a sentencing enhancement for moving a victim "to a place of greater danger" even though he tried to barricade his victims, including a baby, in an unlit walk-in refrigerator.  The state court of appeals justified Stone's sentence beyond peradventure.  *See People v. Stone*, 2010 WL 4908432, *2-*3 (Mich. Ct. App. Dec. 2, 2010).

Stone may not belatedly object to the report and recommendation, and he cannot appeal in good faith. Accordingly,

IT IS ORDERED that the motion to submit untimely objections [Dkt. # 13] and the application to proceed *in forma pauperis* on appeal [Dkt. # 16] are DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522